Sedgwick, C. J.
The respondent had purchased at a sale in foreclosure of a mortgage of real estate. He afterwards made a motion to be relieved from purchase. An appeal is now taken from the order made, which relieved him. There were 'several objections made to the title which the referee would give if the sale were carried through. The answer to most of these objections ivas that the respondent knew their existence and their character before he bought, and, therefore, that he could not claim relief. This position will not be passed upon here. It is unnecessary, for there was one defect, which was the want of proper defendants in the action. This want he had not learned at the time of the sale, and he was not bound to make himself acquainted with it. The title came through the will of Benjamin Albro. He devised the property to his executor and executrix, in trust to collect the rents and profits, and pay them over to certain persons, five in number, annually. The fourth provision is: “Upon the death of said Edith 0. Polhemus, one of the beneficiaries that had been named, I give and devise and bequeath all of the said property and estate so devised to said trustees, and direct said trustees to convey the same to the following named four children of said Edith C. &■ Abraham Polhemus, Junior, viz., Ellen Augusta, Remona Leonora, Abram Clifford, and said Benjamin Albro, etc., etc., subject, however, to the said trust and right to said trustee to receive the said rents, issues, and profits ” for the purposes of the trust that had before been made in the will. If the will were valid, at least the remaindermen, under the fourth clause, should have been made parties defendant; or if the will were invalid as to its disposition of the remainder, then the heirs at law of the testator should have been made parties. The only executor and trustee who qualified under the will was Ellen H. Wilcox. She was made a party defendant here. She, as trustee, had conveyed the property to one Kate R. Wilcox. The conveyance was without consideration. It was accompanied with a verbal agreement that Kate R. Wilcox should forthwith reconvey to Ellen H. Wilcox, as trustee. While the paper title was in Kate R. Wilcox, she gave to the present plaintiffs the mortgage in action. It is, at least, doubtful that Ellen C. Wilcox had power under the will to convey. It is, at least, doubtful that the plaintiff took the mortgage without notice of the character of the transaction of the conveyance. The property, after the giving of the mortgage, was reconveyed to Ellen H. Wilcox, and again reconveyed to her by Kate R. Wilcox. On the whole, the petitioner had the right to take the position that it was doubtful whether Kate R. Wilcox had ever had any title in the premises, and that Ellen H. Wilcox was the legal owner, if the will were valid. Under these circumstances, irrespective of notice to petitioner of certain defects, he had°a right to object, as has been before stated, that proper parties had not been made defendants. The disposition of the question of costs was correct. The plaintiffs were responsible for the nonjoinder of the proper parties, and the purchaser was without fault.
Order affirmed, with $10 costs and disbursements.